IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13cv-00577-RPM

GLADYS JONES,

 Plaintiff,

v.

STATE FARM MUTUAL INSURANCE COMPANY,

 Defendant.

___

ORDER ON SUMMARY JUDGMENT

___

 The question presented by the defendant's motion for summary judgment (doc. 43) is whether the plaintiff's claim for payment of benefits pursuant to the uninsured motorist coverage of her insurance policy issued by State Farm Mutual Automobile Insurance Company (State Farm) is barred by C.R.S. § 13-80-107.5(1)(a) reading as follows:

> (1) Except as described in section 16-5-401(1)(a.5), C.R.S., but notwithstanding any other statutory provision to the contrary, all actions or arbitrations under sections 10-4-609 and 10-4-610, C.R.S., pertaining to insurance protection against uninsured or underinsured motorists shall be commenced within the following time limitations and not thereafter:
>
> (a) An action or arbitration of an "uninsured motorist" insurance claim, as defined in sections 10-4-609 and 10-4-610, C.R.S., shall be commenced or demanded by arbitration demand within three years after the cause of action accrues; except that, if the underlying bodily injury liability claim against the uninsured motorist is preserved by commencing an action against the uninsured motorist within the time limit specified in sections 13-80-101(1)(n) and 13-80-102(1)(d), then an action or arbitration of an uninsured motorist claim shall be timely if such action is commenced or such arbitration is demanded within two years after the insured knows

that the particular tortfeasor is not covered by any applicable insurance. In no event shall the insured have less than three years after the cause of action accrues within which to commence such action or demand arbitration.

There are no factual disputes relevant to this question.

Gladys Jones was injured when she was struck by an automobile driven by Karen Barrios, age 13, on July 7, 2008. There is no question of liability of the driver and presumably the owner of the automobile. The vehicle was impounded by the police and the owner of it has never been identified.

By a letter dated August 1, 2008, Darrell Elliott notified State Farm that he was representing Ms. Jones in connection with uninsured motorist benefits and State Farm opened a claims file and began an investigation to determine whether there was any available liability insurance. Despite diligent efforts the insurer could not identify an owner of the vehicle or the parents of Karen Barrios.

On June 24, 2009, Jerome Malman wrote to State Farm that he had been retained by Ms. Jones "for injuries and damages sustained in an uninsured motorist collision on July 7, 2008." (doc. 43-12). Malman terminated his representation of Ms. Jones shortly thereafter. The plaintiff's present counsel, Amy Gaiennie, sent a letter to State Farm on March 26, 2010, asking that an uninsured motorist claim be set up for the July 7, 2008 accident. (doc. 43-14).

Meredith Quinlan, an attorney in Ms. Gaiennie's law office filed a complaint in the District Court, Adams County, Colorado, on July 6, 2011, naming Karen Barrios, a minor, John and Jane Doe, parent or guardian of Karen Barrios, Gilberto Garcia and Luis A. Rivera as defendants, claiming for injuries and damages caused by the July 7, 2008 incident. In that complaint, counsel alleged that Garcia and Rivera owned the automobile.

The returns of service filed in that case show service on Rosalina Garcia at 2630 Belmont Avenue, Lincoln, Nebraska, as mother of Karen Barrios and of Jane Doe and John Doe on August 12, 2011, and on Luis A. Rivera at 15503 E. Evans Ave., Aurora, Colorado on August 11, 2011 (docs. 50-1; 50-2; 50-3, 50-4). There was no service on Gilberto Garcia. He was dismissed.

None of the defendants appeared in that action. State Farm filed a Motion to Intervene in the state action on December 20, 2011, to limit the damages claimed by the plaintiff to protect itself in the event it would be required to pay uninsured motorist benefits to Ms. Jones.

The motion included the following paragraph:

> 4. Although State Farm denies that Plaintiff can maintain a claim for UM insurance benefits because she failed to assert a claim within the applicable statute of limitations, Intervenor has a right to protect its interest in the event that it is later determined that it must provide UM benefits to Plaintiff. Thus, by seeking to intervene, State Farm is not waiving any defense that it may have to a claim by Plaintiff for UM benefits.
>
> (Doc. 49-1).

Counsel for State Farm had previously notified Ms. Quinlivan that it appeared that the claim would be barred by the statute of limitations. The motion to intervene was not opposed.

At a default judgment damages hearing Luis Rovira appeared and said that he did not own the vehicle. After hearing the evidence and considering State Farm's arguments relating to Ms. Jones' injuries from prior accidents, the court made detailed findings of fact and awarded a judgment of $74,651.78 against Karen Barrios, a minor, John and Jane Doe, parents or guardians of minor Karen Barrios, and Luis Rivera.[1]

---

[1] It is not clear why Luis Rivera was included in the order for judgment after his denial of ownership of the vehicle.

State Farm asserts that this suit must be dismissed because the plaintiff knew that the driver was not insured, there was no proof of insurance in the automobile and the plaintiff's prior lawyers did not make an investigation to discover whether there was any liability insurance coverage of the tortfeasor.  The plaintiff's knowledge of the lack of insurance is reflected in the letters from her lawyers and therefore the three years in the first clause of the statute bars the claim, State Farm argues, relying on the provision in C.R.S. § 13-80-107.5(3), providing that the uninsured motorist cause of action accrues when the claimant "should have known by the exercise of reasonable diligence" that she has the claim.

The circumstances of this case are unique.  To this day, the parties do not know who owned the automobile and whether there was any insurance.  State Farm made a diligent effort to find the facts of ownership and the parents of the driver.  If those efforts had been made by Elliott or Malman, the result would have been the same.

Ms. Jones named Luis Rivera in the liability action because Karen told the police that she borrowed the car from him according to the police report.  (doc. 14-3).

The plaintiff contends that Rivera's denial of ownership at the default damages hearing on June 25, 2012, should be the time that triggers the accrual of her claim against State Farm.  Having filed the tort action within 3 years of the accident the plaintiff had two years from June 25, 2012 to file this civil action.  She filed in the Denver District Court on February 11, 2013.

This issue could have been avoided if the plaintiff had named State Farm as a defendant in the tort action.  It would be unjust to now grant summary judgment of dismissal when it cannot be said with certainty that there was no liability insurance.

The defendant has made an arguable defense to the plaintiff's claim. Accordingly, the claims for bad faith and unreasonable delay are dismissed.

Upon the foregoing, it is

ORDERED, that the defendant's motion for summary judgment is denied. It is

FURTHER ORDERED that the Third and Fourth Claims for Relief in the Amended Complaint are dismissed. It is

FURTHER ORDERED, that the parties shall attempt to stipulate to the amount of a judgment to be entered for the plaintiff by December 1, 2014.

Dated: November 10, 2014

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge